IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,　　　　　　　　　　No. CR S-05-0061 FCD KJM P

    vs.

LECHARLES BALDON,

    Movant.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

Movant is a federal prisoner proceeding pro se. He has filed a motion which he has titled "motion to set aside, vacate or correct sentence pursuant to 28 U.S.C. § 2225." However, the relief movant seeks is additional sentence credit from the Federal Bureau of Prisons for time he served in custody between June 6, 2005 and October 29, 2006. The Ninth Circuit has held that such actions may only be brought under 28 U.S.C. § 2241. Tucker v. Carlson, 925 F.2d 330, 331-32 (9th Cir. 1991). Therefore, the court construes movant's "§2255 motion" as an application for writ of habeas corpus under 28 U.S.C. § 2241.[1]

---

[1] The court notes that to the extent the court could construe movant's habeas application as a §2255 motion, movant would be barred from obtaining any relief as he waived his right to file a §2255 motion in his plea agreement. See Docket Entry #34 at 6. Movant also waived his right to file a § 2241 habeas application, but the court construes this waiver to mean movant cannot challenge the sentence rendered. He may still challenge the execution of the sentence rendered by the Federal Bureau of Prisons.

1  In a § 2241 application for writ of habeas corpus, the proper respondent is the
2  warden where the prisoner is housed.  Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).
3  Movant is currently housed at the United States Penitentiary in Lompoc, California.
4  Therefore, the proper respondent is the warden of that facility and not the United States of
5  America.
6  This court does not have jurisdiction over the warden at Lompoc as Lompoc lies
7  within the geographical area covered by the United States District Court for the Central District
8  of California.  Also, there does not appear to be any other basis for jurisdiction over movant's
9  claims.  Good cause appearing, the court will recommend that this action be dismissed without
10 prejudice to re-filing in the Central District.  Movant is informed that if he elects to re-file this
11 action in the Central District, he should name the warden at Lompoc as the respondent.
12 Accordingly, IT IS HEREBY RECOMMENDED that:
13 1.  Respondent's motion to dismiss (#66) be granted;
14 2.  This action be dismissed without prejudice to movant filing an application for
15 writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Central
16 District of California; and
17 3.  The clerk of the court be directed to close the companion civil case No. CIV-S-
18 07-2321 FCD KJM P.
19 These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
21 days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
24 shall be served and filed within ten days after service of the objections.  The parties are advised
25 /////
26 /////

1  that failure to file objections within the specified time waives the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: February 20, 2009.

_____
U.S. MAGISTRATE JUDGE

---

1
bald0061.257